

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-1998

# Lovasz v. Vaughn

Precedential or Non-Precedential:

Docket 97-3505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Lovasz v. Vaughn" (1998). *1998 Decisions.* Paper 10.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/10

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 14, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 97-3505

STEVEN R. LOVASZ,
        Appellant

v.

SCIG SUPT. DONALD T. VAUGHN

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 97-cv-01389)

Submitted by the Clerk for a certificate of
appealability pursuant to 28 U.S.C. S 2253
October 23, 1997

Before: BECKER, NYGAARD, and ROTH, Circuit Judges.
(MOTIONS PANEL A)

(Filed January 14, 1998)

        STEVEN ROBERT LOVASZ #AJ-1800
        Graterford SCI
        P.O. Box 244
        Graterford, PA 19426

        Pro se

OPINION OF THE COURT

BECKER, Circuit Judge.

The habeas petition of Steven Lovasz currently before us, on application for a certificate of appealability, presents the question whether a second or subsequent petition for post-conviction relief, filed according to the procedural rules of the state, constitutes "a properly filed application" for the purpose of triggering the tolling mechanism of 28 U.S.C. S 2244(d)(2) without regard to the merits of the petition. Because we conclude that it does, we will grant the certificate of appealability, reverse the dismissal of Lovasz's petition, and remand this matter to the district court for further consideration.

I.

In April 1988, Lovasz was sentenced in the Court of Common Pleas of Fayette County, Pennsylvania, to life in prison for murder. After his conviction was affirmed on direct appeal, Lovasz filed a petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. SS 9541-9546. After relief was denied, Lovasz filed a second PCRA petition, which was dismissed on May 18, 1995. The Pennsylvania Superior Court affirmed on March 4, 1996. The Pennsylvania Supreme Court denied Lovasz's petition for allowance of appeal on September 26, 1996.

On July 30, 1997, Lovasz filed in the district court the current petition for a writ of habeas corpus under 28 U.S.C. S 2254. The district court dismissed the petition as time-barred under S 2244(d)(1), without discussing the tolling mechanism of 28 U.S.C. S 2244(d)(2). Before us now is Lovasz's request for a certificate of appealability to appeal from this dismissal.

II.

Title 28 U.S.C. S 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in relevant part provides:

2

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. S 2244(d). We have yet to consider what constitutes "a properly filed application" to trigger the tolling mechanism of S 2244(d)(2).

Principles of comity inform our decision. In our federal system, "the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Such respect for the states has given rise to the well-established rule that a federal court should not find a state prisoner's claims procedurally barred from federal habeas review unless state law "clearly foreclose[s]" review of the claims. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see Banks v. Horn, 126 F.3d 206, 211 (3d Cir. 1997); Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996). Moreover, in enacting AEDPA, of which S 2244(d) is a part, Congress intended to "reduce federal intrusion into state criminal proceedings." Banks, 126 F.3d at 213.

Thus, if a state allows petitioners to file second or subsequent petitions for post-conviction relief, federal courts should not undermine the state's decision by refusing to toll the one-year period of limitation of S 2244(d)(1) where a second or subsequent petition is pending in the state court system. Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent

3

petition for post-conviction relief where permissible under state law, before seeking habeas review in federal court.

We believe that "a properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. A Pennsylvania PCRA petitioner, for example, must file a motion with the clerk of the court in which he was convicted and sentenced, Pa. R. Crim. P. 1501, generally within one year of the date the judgment becomes final, 42 Pa. Cons. Stat. Ann. S 9545(b)(1). If a petitioner complies with these procedural requirements, or other procedural requirements the state imposes, his petition, even a second or successive petition, is "a properly filed application" for purposes of S 2244(d)(2). While we recognize that the Pennsylvania Supreme Court has announced strict rules regarding the granting of second and subsequent PCRA petitions, see Commonwealth v. Lawson, 549 A.2d 107 (Pa. 1988), Pennsylvania allows for the filing of second or subsequent PCRA petitions, see 42 Pa. Cons. Stat. Ann. S 9545(b)(1), and courts occasionally grant relief in such proceedings, see e.g., Commonwealth v. Morales, 701 A.2d 516 (Pa. 1997).

Further, we reject the notion that a meritless PCRA petition cannot constitute "a properly filed application" under S 2244(d)(2). Rather, in considering whether a petition for post-conviction relief is properlyfiled, district courts should not inquire into its merits. A rule requiring an inquiry into the merits of a second or subsequent PCRA petition in order to determine if it was properlyfiled could become problematic, as exemplified in Hughes v. Irvin, 967 F. Supp. 775 (E.D.N.Y. 1997). In Hughes, the district court considered whether a seventh motion for post-conviction relief constituted "a properly filed application" under S 2244(d)(2). The state's lower court had denied the motion without a hearing, but the state appeals court reversed and remanded for an evidentiary hearing. On remand, the lower court made findings of fact and again denied the motion.

If it were to consider the merits, the Hughes court mused, was the seventh motion "a properly filed application," and if so, at what points in time? Was it "improperly filed" because the lower court found it

4

meritless? Did it become "properly filed" when the state appellate court reversed and remanded, only to lose that status when the lower court again denied it on the merits? Id. at 779. While such questions may be intriguing or provocative, we, like the Hughes court, find them both inappropriate and unnecessary in determining whether the petition for post-conviction relief was properlyfiled. After all, Congress chose the phrase "a properly filed application," one into which we do not read any requirement that the application be non-frivolous. But see Valentine v. Senkowski, 966 F. Supp. 239, 241 (S.D.N.Y. 1997) (assuming that an application for collateral review must be non-frivolous in order to be properly filed under S 2244(d)(2)).

In the case at bar, how the district court calculated the untimeliness of Lovasz's habeas petition is unclear. Apparently the magistrate judge was unaware that Lovasz's petition for allowance of appeal in his second PCRA proceedings was pending before the Pennsylvania Supreme Court until September 26, 1996. Lovasz did not bring this to the court's attention until he filed objections to the magistrate judge's report and recommendation. The district court adopted the report and recommendation without discussing whether Lovasz's second PCRA petition was properly filed for the purposes of S 2244(d)(2).

We conclude that Lovasz's habeas petition was timely filed. When AEDPA took effect on April 24, 1996, Lovasz's second PCRA petition was pending before the Pennsylvania Supreme Court until September 26, 1996. Under S 2244(d)(2), this period of time "shall not be counted" as part of S 2244(d)(1)'s one-year period of limitation. Thus, Lovasz's one-year period did not expire until September 26, 1997. Lovasz filed his habeas petition on July 31, 1997, well within S 2244(d)(1)'s time limitation, and the district court erred in dismissing it as untimely.

III.

Because we find that Lovasz's habeas petition was timely filed under S 2244(d)(1) and (2), we grant the certificate of

5

appealability and reverse and remand to the district court for further consideration.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit