**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOBY SANCHEZ, JR.,

      Petitioner-Appellant,

v.

RON LYTLE, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 98-2086
(D.C. No. CIV-97-1207)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Toby Sanchez, Jr., a New Mexico state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas petition. We deny a certificate of appealability and dismiss the appeal.

Sanchez was convicted in 1988 of first-degree murder in state court and his conviction was affirmed in State v. Sanchez , 785 P.2d 224 (N.M. 1989). He sought post-conviction relief in April 1994 by filing a habeas petition in state court, which was denied on May 17, 1994, and the New Mexico Supreme Court denied review on June 17, 1994. Sanchez filed a 28 U.S.C. § 2254 habeas petition in federal court later in 1994, but while it was still pending, he moved to voluntarily dismiss the action without prejudice. Sanchez alleges his purpose in moving to dismiss was to allow him time to exhaust his state court remedies on his claim of factual innocence. The federal court dismissed the habeas petition without prejudice on April 15, 1996. Over a year later, on April 21, 1997, Sanchez filed a habeas petition in state court. The petition was denied on July 28, 1997, and the New Mexico Supreme Court denied review on August 22, 1997 (Sanchez allegedly received a copy of the order on August 26, 1997).

Sanchez filed the instant habeas petition on September 5, 1997. [1] Respondents moved to dismiss for untimely filing. The magistrate judge

---

[1] Sanchez mailed the habeas petition on September 5, 1997, and it was filed on September 10, 1997. For purposes of this opinion, we have given him the benefit of the "mailbox rule" outlined in Houston v. Lack , 487 U.S. 266, 270 (1988) (pro se prisoner's notice of appeal is "filed" when it is delivered to prison officials for forwarding to clerk's office).

concluded the petition was untimely filed and should be dismissed pursuant to 28 U.S.C. § 2244(d). The district court adopted the magistrate's report and dismissed the action with prejudice.

To obtain a certificate of appealability, Sanchez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met by a showing that the issues raised "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91 (10th Cir. 1997).

Congress amended "the long-standing prior practice in habeas corpus litigation that gave a prisoner virtually unlimited amounts of time to file a habeas petition in federal court," on April 24, 1996, and "established a one-year period of limitations for habeas petitions." Hoggro v. Boone, 150 F.3d 1223, 1224 (10th Cir. 1998). The one-year period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final prior to April 24, 1996, the new limitation period could have eliminated entirely an opportunity to file a federal habeas petition. Recognizing this problem, this court has held "that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations does not begin to run until April 24, 1996." Hoggro, 150 F.3d at 1225; United

States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

The one-year limitation period can be tolled by ongoing post-conviction litigation in state court. See Hoggro, 150 F.3d at 1226. In particular, 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year period of limitation.

Applying these principles, we agree that Sanchez' federal habeas petition was untimely and was therefore barred by § 2244(d). Because his state conviction became final well prior to Congress' implementation of the new limitation period, his one-year period for filing a federal habeas petition began running on April 24, 1996. The one-year limitation period continued to run until April 21, 1997, when Sanchez filed a habeas petition in state court. The period was tolled until August 22, 1997, when the New Mexico Supreme Court denied review. The limitation period expired on August 25, 1997, eleven days prior to the filing of the instant habeas petition. Even giving him the benefit of mailing time and thus assuming the limitation period did not begin running again until August 26, 1997, it would have expired on August 29, 1997.

Sanchez argues the one-year limitation period should have been equitably tolled because of his incarceration outside the state of New Mexico and his lack

of access to legal materials. According to Sanchez, prison overcrowding caused his transfer out of state in December 1995. He was allegedly returned to New Mexico in April 1996, but did not receive his legal materials until July 1996. Sanchez fails to specify how his alleged lack of legal materials prevented him from filing his claim of factual innocence via a habeas petition in state court. Indeed, his claim is undermined by the fact that even after he allegedly received his legal materials, he waited approximately nine months to file his state habeas petition. Moreover, by his own admission, we note Sanchez remained silent about his claim of factual innocence from 1988 until 1996. We conclude it was Sanchez' lack of diligence rather than his alleged lack of access to legal materials that prevented him from filing a timely state habeas petition. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (acknowledging § 2244(d) may be subject to equitable tolling, but only when inmate has diligently pursued claim), cert. denied 119 S. Ct. 210 (1998).

Sanchez next argues the one-year limitation period violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, which prohibits suspension of the writ of habeas corpus. We disagree. Although we have acknowledged "[t]here may be circumstances where the limitation period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective," Miller, 141 F.3d at 978, those circumstances are not present here. It was not the

one-year limitation period that prevented Sanchez from obtaining federal review of the legality of his conviction, but rather his lack of diligence.

Finally, Sanchez argues the limitation period violates his substantive due process rights. Although his arguments are somewhat unclear, he appears to assert the limitation period serves no purpose and effectively deprives him of the opportunity to have his conviction reviewed by federal courts. In enacting the Antiterrorism and Effective Death Penalty Act, of which § 2244 is a part, "Congress intended to 'reduce federal intrusion into state criminal proceedings.'" Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (quoting Banks v. Horn, 126 F.3d 206, 213 (3d Cir. 1997)). In any event, we again emphasize the limitation period did not deprive Sanchez of his opportunity for federal review; rather Sanchez himself failed to pursue his available remedies in a timely fashion.

Sanchez' application for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-6-