Alvin J. PATTERSON, Petitioner,

v.

DIRECTOR, VIRGINIA DEPT. OF CORRECTIONS, Respondent.

No. Civ.A. 98–545–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 4, 1999.

Eugene Murphy, Assistant Attorney General, Commonwealth of Virginia, Office of the Attorney General, Richmond, Virginia, for plaintiff.

Alvin J. Patterson, petitioner pro se.

## MEMORANDUM OPINION

ELLIS, District Judge.

Petitioner, a Virginia inmate proceeding *pro se,* filed this federal habeas petition after the denial of three successive state habeas petitions and more than one year after his judgment of conviction became final. These facts present the question whether the prior state petitions were "properly filed" under 28 U.S.C. § 2244(d), so as to toll the one-year limitations period and hence save this petition from being time-barred. Also presented is whether this petition is procedurally barred given the threshold dismissal of the earlier state petitions as procedurally barred.

For the reasons set forth here, the state petitions were "properly filed," serving, as a result, to toll the limitations period and save the instant petition from the one-year bar. But while the state petitions may rescue the instant petition from the limitations bar, they also create a procedural bar requiring dismissal of this petition.

### I.

On January 25, 1996, petitioner was convicted in the Circuit Court for York County of (i) shooting from a motor vehicle, (ii) shooting at an occupied vehicle, and (iii) attempted maiming. As a result, he was sentenced to a total of 15 years in prison. A timely direct appeal was taken to the Virginia Court of Appeals. In this appeal, petitioner contended that the trial court committed reversible error by excluding two letters addressed to petitioner from an eyewitness to the shooting that petitioner claimed would have aided in impeaching that eyewitness. The Court of Appeals found no reversible error and affirmed the convictions. *Patterson v. Commonwealth,* 1996 WL 679935, Record No. 2733–95–1 (Va.Ct.App. Nov. 26, 1996) (unpublished). No appeal was taken to the Supreme Court of Virginia. Thus, petitioner's judgment of conviction became final on December 26, 1996.

Petitioner filed his first state petition for a writ of habeas corpus in the Supreme Court of Virginia on March 14, 1997. His sole claim concerned denial of his right to a speedy trial. *See* Virginia Code § 19.2–243 (person accused of felony must be brought to trial within five months of General District Court's finding of probable cause). On April 30, 1997, the Supreme Court of Virginia dismissed the petition, ruling that petitioner's claim was procedurally barred under *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (Va. 1974) (barring non-jurisdictional state habeas claims not raised at trial or on appeal), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975). *Patterson v. Director, Dept. of Corrections,* Record No. 970484 (Va. April 30, 1998) (unpublished).

Petitioner filed a second habeas petition with the Supreme Court of Virginia on October 27, 1997, and a third on December 2, 1997. The second petition alleged ineffective assistance of counsel on grounds that counsel failed to object to the admissibility of identification testimony, failed to object to a jury instruction regarding a firearm charge that was later dismissed by the court, and failed to raise either issue on appeal. It was dismissed as successive, pursuant to Virginia Code § 8.01–654(B)(2),[1] on March 3, 1998. *Patterson v. Warden, Greensville Correction Center,* Record No. 972261 (Va. March 3,

---

1. Virginia Code § 8.01–654(B)(2) provides that a state habeas petition

    shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their dispositions. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

1998). The third state habeas petition alleged counsel was ineffective because he did not appeal petitioner's conviction to the Supreme Court of Virginia. Prior to the dismissal of the second petition, the third petition was dismissed as successive on February 26, 1998. *Patterson v. Director, Dept. of Corrections,* Record No. 972515 (Va. February 26, 1998) (unpublished).

The instant petition was signed by petitioner on April 9, 1998, and filed on April 15, 1998. In it, petitioner alleges that:

(1) trial counsel was ineffective because he failed to appeal petitioner's convictions to the Supreme Court of Virginia;

(2) trial counsel was ineffective by pursuing on appeal only the single evidentiary issue of the exclusion of the letters;

(3) petitioner's right to a speedy trial was denied;

(4) the trial court erred by not striking a biased juror for cause;

(5) trial counsel was ineffective for not striking this biased juror peremptorily.

Each of these claims appeared in one of the three state petitions and, as respondent notes, has been properly exhausted in state court. *See* 42 U.S.C. § 1997e(a) (West Supp. 1998).

## II.

■ On April 24, 1996, while petitioner's case was still under direct review by the Virginia Court of Appeals, the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub.L. 104–132, 110 Stat. 1214, became effective. Among other things, the Act amended 28 U.S.C. § 2244(d) to include a one-year limitations period on federal habeas corpus petitions.[2] This limitations period begins to run on the date the State judgment of conviction becomes final, and is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d). In this case, the Virginia Court of Appeals affirmed petitioner's conviction on November 26, 1996. Allowing thirty days during which petitioner could have petitioned the Supreme Court of Virginia for appeal, petitioner's judgment of conviction became final on December 26, 1996. Accordingly, petitioner had until December 26, 1997, to file his federal habeas petition, plus an additional amount of time equal to the time any properly filed state habeas petition was pending. In this case, then, whether the limitations period expired for the instant petition turns on whether petitioner's successive state habeas petitions were "properly filed" within the meaning of the statute.

The Fourth Circuit has not yet squarely addressed what constitutes a "properly filed application" so as to trigger the tolling mechanism of § 2242(d)(2). *See e.g., Gaines v. Corcoran,* 153 F.3d 720, 1998 WL 487708 (4th Cir.1998) (unpublished) ("We need not decide whether the district court properly found that Appellant's second state habeas petition did not constitute a proper filing under § 2244(d)."). Courts elsewhere are split on this issue. Some district courts, including two in this circuit, hold that where a state petition is ultimately found to be procedurally barred, it is not "properly filed."[3] Ac-

---

**2.** 28 U.S.C. § 2244(d), as amended, provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a *properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section. (emphasis added.)

**3.** *See, e.g., Wilson v. Angelone,* Civil Action No. 2:98CV135, Amended United States Magistrate Judge's Report and Recommendation at 7

cording to this minority view, compliance with the technical filing requirements is not sufficient to qualify a petition as "properly filed"; petitioner's claims also must be non-frivolous.

The majority view, persuasive here, is to the contrary, and is lucidly set forth in the Third Circuit's opinion in *Lovasz v. Vaughn,* 134 F.3d 146, 147 (3d Cir.1998).[4] There, petitioner filed twice for post-conviction relief in Pennsylvania state courts. Without discussion of the tolling mechanism, the district court dismissed the petition as time-barred. On these facts, the Third Circuit granted petitioner's request for a certificate of appealability and reversed, ruling that a "properly filed" petition is "one submitted according to the state's procedural requirements, such as rules governing time and place of filing," and that this is so without regard to the merits of the petition. *Lovasz,* 134 F.3d at 147.

According to Judge Becker, author of the unanimous panel opinion, principles of comity compelled this result. Pennsylvania law, he observed, does not absolutely bar all successive petitions; state courts may, in certain circumstances, grant relief in successive proceedings. Given this, Judge Becker cited as controlling "the well-established rule that a federal court should not find a state prisoner's claims procedurally barred from federal habeas review unless state law 'clearly foreclose[s]' review of the claims." *Id.* at 148. Because state law imposed no such clear or absolute foreclosure of all successive petitions, federal courts should not inquire into the merits of a successive petition to determine whether it was "properly filed." Further support for this conclusion, as the Third Circuit correctly noted, are the practical problems likely to result from the adoption of

a contrary view. *Id.* at 149 (citing *Hughes v. Irvin,* 967 F.Supp. 775, 779 (E.D.N.Y.1997)).

The *Lovasz* reasoning and result are persuasive here; Virginia, like Pennsylvania and many other states, does not absolutely bar all successive petitions. Virginia procedurally bars petitioners "from raising any claim in a successive petition if the facts as to that claim were either known 'or available' to petitioner at the time of his original petition." *Hoke v. Netherland,* 92 F.3d 1350, 1354 n. 1 (4th Cir.1996). *See* Virginia Code § 8.01–654(B)(2) (Michie Supp.1998). Thus, here, as in *Lovasz,* the status of a petition as "properly filed" under § 2242(d)(2) depends not on the petition's merits, but on whether the state's procedural filing requirements have been met.

This rule, applied here, makes clear that petitioner's second and third state petitions were properly filed and the limitations period was tolled during the pendency of these petitions. It follows, then, that the instant federal petition is timely filed. More specifically, petitioner's initial state habeas petition was filed March 14, 1997, and denied April 30, 1997, a period of 47 days. The second petition was filed on October 27, 1997, and dismissed March 3, 1998, a period of 127 days.[5] Adding 174 days, the sum of the two tolling periods, to December 26, 1997 (one year after the original judgment became final), petitioner's federal habeas petition would be barred only if filed after June 29, 1998. In fact, petitioner signed his petition on April 9, 1998, and it was officially filed here on April 15, 1998. Under the so-called "mailbox rule," his petition was considered "filed" on whatever day between April 9 and April 15 he handed his petition to a prison official for

---

(E.D.Va. Aug. 19, 1998) (unpublished) (successive claims were procedurally barred from review by Supreme Court of Virginia and therefore were not "properly filed"); *Doman v. Angelone,* Civil Action No. 97–0624–R (W.D.Va. Dec. 15, 1997) (unpublished) (same); *Valentine v. Senkowski,* 966 F.Supp. 239, 241 (S.D.N.Y.1997) (limitations period should be tolled only if successive claims are non-frivolous); *Hill v. Keane,* 984 F.Supp. 157, 158–59 (E.D.N.Y.1997) (same).

**4.** *See also United States ex rel. Morgan v. Gilmore,* 26 F.Supp.2d 1035, 1039 (N.D.Ill.1998) *Souch v.*

*Harkins,* 21 F.Supp.2d 1083 (D.Ariz.1998); *Ellis v. Johnson,* 11 F.Supp.2d 695 (N.D.Tex.1998); *Figueroa v. Kelly,* 1997 WL 833448 (E.D.N.Y. Dec.19, 1997); *Hughes v. Irvin,* 967 F.Supp. 775, 779 (E.D.N.Y.1997) ("[T]he term 'properly filed' refers to satisfying procedural requirements, such as timeliness and proper place of filing.").

**5.** Petitioner's third petition was filed and dismissed during the pendency of his second petition. It therefore adds no time to the tolling of the limitations period.

mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In any event, the instant federal petition is timely filed, as it was filed before the limitations period expired.

### III.

■ Given the petition's timeliness, the question becomes whether it must nonetheless be dismissed as procedurally barred. Federal courts must adhere to a state court's procedural bar, and thus may not reach the merits of a petitioner's federal habeas claim when the state court explicitly relied on the bar to deny the claim. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). A procedural bar can be overcome only if petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

These principles compel dismissal of the instant petition. Petitioner's claim, in his first state habeas petition, that he was denied a speedy trial was procedurally barred by the Virginia Supreme Court under *Slayton, supra*. His claims in his second and third petitions regarding ineffective assistance of counsel and trial court error were procedurally barred under Virginia Code § 8.01–654(B)(2). It is well established that reliance on either bar prohibits federal review. *See, e.g., Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir.), *cert. denied*, ─ U.S. ──, 118 S.Ct. 438, 139 L.Ed.2d 337 (1997) (upholding procedural bar based on *Slayton*); *Clanton v. Muncy*, 845 F.2d 1238 (4th Cir.), *cert. denied* 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988) (upholding procedural bar based on § 8.01–654(B)(2)).

Petitioner here should have raised his speedy trial claim on direct appeal, or he should have raised his ineffective assistance of counsel claims in his first habeas petition. His failure to do so prevents him from raising those claims here. Petitioner has not alleged any cause for his failure to raise his claims properly, nor does any appear in the record. Moreover, although petitioner was convicted on circumstantial evidence, the record fails to support petitioner's conclusory allegations that he is a victim of a fundamental miscarriage of justice. *See, e.g., Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." (internal quotations omitted)).

### IV.

For the foregoing reasons, respondent's Motion to Dismiss will be granted and the Petition for a Writ of Habeas Corpus will be dismissed. An appropriate Order will issue.

### ORDER

For the reasons stated in the attached Memorandum Opinion, it is hereby ORDERED that:

1. Respondent's Motion to Dismiss be and is GRANTED; and

2. This petition be and is DISMISSED.

Should he wish to appeal, petitioner must file a notice of appeal with this Court within thirty (30) days of the date of this Order. Petitioner also must request and obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253; Fed. R.App.P. 22(b). This Court expressly declines to issue such a certificate.