UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN PATRICK MCSHEFFREY,
Petitioner-Appellant,

v.

RONALD J. ANGELONE, Director of
the Virginia Department of

Corrections,
Respondent-Appellee,

and

COMMONWEALTH OF VIRGINIA,
Respondent.

No. 98-6519

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
David G. Lowe, Magistrate Judge.
(CA-97-466)

Submitted: February 2, 1999

Decided: February 23, 1999

Before ERVIN and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

John Patrick McSheffrey, Appellant Pro Se. Thomas Drummond Bag-
well, Assistant Attorney General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Patrick McSheffrey appeals the dismissal of his 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998) petition as untimely. This appeal presents the question of whether a second or subsequent petition for state postconviction relief, filed according to the procedural rules of the state, constitutes a "properly filed application" for the purpose of tolling the statute of limitations, regardless of the underlying merits of the state petition. Because we conclude that it does, we grant a certificate of appealability, vacate the order of the district court, and remand this matter for further consideration.

In 1990, McSheffrey was sentenced in the Norfolk Circuit Court in Virginia, after pleading guilty to possession with intent to distribute cocaine. McSheffrey did not appeal. Instead, he filed a petition for a state writ of habeas corpus. After relief was denied, McSheffrey filed another habeas petition in January 1996, which was dismissed on appeal on December 5 as procedurally defaulted. **1**

McSheffrey then submitted a federal habeas petition dated May 5 and filed June 18, 1997. The district court found that the pendency of McSheffrey's successive state petition did not toll the federal habeas

_____

**1** The district court stated that McSheffrey filed three petitions for a state writ of habeas corpus. McSheffrey contends that the petition deemed by the district court to be his "first" petition actually addressed a different conviction, and thus, he has only filed two state petitions regarding the instant conviction. Although the "first" petition is not included in the case file, McSheffrey's allegations appear to be supported by the record. (See R. Vol. 3 at 26 (Norfolk Circuit Court decision of April 5, 1996, listing only one previous petition)). Nonetheless, even a second petition would be barred as successive under Virginia state rules, see Va. Code Ann. § 8.01-654(B)(2) (Michie Supp. 1998), so any error on this issue is irrelevant.

2

one-year statute of limitations, which was enacted in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996). Accordingly, the district court found that McSheffrey's federal petition was untimely filed outside the applicable grace period, which expired on April 23, 1997.**2** See Brown v. Angelone , 150 F.3d 370, 375-76 (4th Cir. 1998) (holding that prisoners whose convictions became final before the AEDPA had one year from the effective date of the AEDPA to file a timely petition). McSheffrey appeals.

The AEDPA amended 28 U.S.C. § 2244 (1994) to require that § 2254 petitions be filed no later than one year after the completion of state court direct review or the expiration of time to seek such review. See 28 U.S.C.A. § 2244(d)(1)(A) (West Supp. 1998). The time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count toward the period of limitation. 28 U.S.C.A. § 2244(d)(2) (West Supp. 1998).

McSheffrey's conviction became final in 1990, when his time for filing an appeal expired. Where a habeas corpus petition is filed by a petitioner whose conviction became final before the AEDPA's enactment, the petition is considered timely when it is filed on or before April 23, 1997, that is, within one year after the AEDPA was enacted. See Brown, 150 F.3d at 375-76. McSheffrey filed his petition nearly two months after this deadline, and therefore, it was properly dismissed unless the filing of his successive state habeas petition-- filed on January 22, 1996, and finally denied on December 5, 1996-- tolled the filing requirement. The district court found that, because McSheffrey's successive petition was dismissed as procedurally barred by the state court, the petition was not"properly filed" within the meaning of the AEDPA. We disagree.

A state application is properly filed if it complies with the state procedural requirements for successive collateral attacks on a conviction, such as timeliness and proper place of filing. It is unnecessary for a federal court to examine the merits of the state application or to

_____

**2** The case was decided by a magistrate judge pursuant to the parties' consent. See 28 U.S.C. § 636(c)(1) (1994).

3

determine whether a procedural bar is applicable. See Lovasz v. Vaughn, 134 F.3d 146, 148-49 (3d Cir. 1998). Thus, because Appellees do not contend that McSheffrey failed to comply with any of the procedural requirements for filing a collateral attack in Virginia state court, we find that his January 1996 petition was "properly filed."

McSheffrey's one-year grace period was, therefore, tolled until December 5, 1996, and he had until December 4, 1997, to file his federal habeas petition. His § 2254 petition was filed on June 18, 1997, well within the period allowed by the AEDPA.

Because we find that McSheffrey's habeas petition was timely filed, we grant a certificate of appealability, vacate the order of the district court, and remand for further consideration. We deny McSheffrey's motion to order Appellees to file an informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4