**Robert HOLMAN, Petitioner,**

v.

**Frank D. GILLIS, et al., Defendants.**

**Civil Action No. 98–4276.**

United States District Court, E.D. Pennsylvania.

July 21, 1999.

Jules Epstein, Kairys & Rudovsky, Philadelphia, PA, for Robert Holman.

Peter J. Gardner, District Attorney's Office, Philadelphia, PA, Donna G. Zucker, Philadelphia, PA, for Frank D. Gillis, the District Attorney of the County of Philadelphia, the Attorney General of the State of Pennsylvania.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This case raises issues of comity and federalism at the intersection of a state's power to administer its criminal justice system and federal habeas corpus jurisdiction. To harmonize these interests, federal law requires that, in order to seek federal habeas corpus review of claims challenging a state criminal conviction, a petitioner must show that he has exhausted all available state remedies as to all such claims. The 1995 amendments to the Pennsylvania Post–Conviction Relief Act ("PCRA") mandate that PCRA petitions must be filed within one year from the date of final judgment. Application of this one-year statute of limitations would render untimely filed PCRA claims unexhausted but procedurally defaulted.

The Third Circuit has previously held that it was not confident that, despite the PCRA one-year statute of limitations imposed by the 1995 amendments, the Pennsylvania Supreme Court had abandoned its practice of reaching the merits of PCRA petitions in capital cases (and other cases as well) that appeared to be procedurally barred. The Third Circuit, however, left open the door to so finding, if future experience showed that the Pennsylvania Supreme Court consistently and regularly applied the PCRA one-year statute of limitations to bar untimely filed PCRA petitions. The court concludes that the Pennsylvania Supreme Court has now answered the Third Circuit's concerns and that it can be said with confidence that the PCRA one-year statute of limitations creates a jurisdictional bar to untimely filed PCRA petitions.

Before the court is the Report and Recommendation of the Magistrate Judge recommending that because three of the petitioner's nine claims are unexhausted,

notwithstanding the PCRA one-year statute of limitations in the 1995 amendments, the entire petition should be remanded to state court to allow petitioner to exhaust state remedies. The court will sustain respondents' objections that petitioner has no available state remedies because, under the PCRA one-year statute of limitations, his unexhausted claims are procedurally defaulted. Accordingly, the Report and Recommendation of the Magistrate Judge remanding the case to state court will be disapproved.

## I

On December 14, 1992, after a jury trial in the Court of Common Pleas for Philadelphia County, petitioner was convicted of robbery and violating the Uniform Firearms Act. On April 7, 1993, after denying post-trial motions, the Court of Common Pleas judge sentenced petitioner to a term of ten (10) to twenty (20) years imprisonment. Upon obtaining new counsel, petitioner appealed to the Superior Court of Pennsylvania, which, on October 27, 1994, denied petitioner's claims and affirmed his sentence. Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on January 19, 1995.

On March 7, 1995, petitioner filed a *pro se* petition for collateral review under Pennsylvania's Post–Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat.Ann. § 9541 *et seq.* New counsel was appointed. After review of the record, new counsel filed a "no merit" letter with the PCRA court, indicating that there were no issues of merit and requested permission to withdraw as counsel. On October 7, 1996, the PCRA court dismissed petitioner's petition

and permitted counsel to withdraw. Petitioner appealed the dismissal of his PCRA petition to the Superior Court of Pennsylvania, which, on November 25, 1997, affirmed the dismissal by the PCRA court. Petitioner then filed a *pro se* petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 26, 1998.

On August 14, 1998, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging nine substantive claims.[1] In their answer, respondents argued on procedural and substantive grounds that petitioner is not entitled to any habeas corpus relief.

The case was referred to Magistrate Judge Diane M. Welsh for a Report and Recommendation. On February 8, 1999, the Magistrate Judge issued a Report and Recommendation, concluding that the petition was a "mixed petition" because it contained both exhausted and unexhausted claims. Specifically, the Magistrate Judge found that petitioner's second, fifth, and seventh claims were unexhausted because petitioner failed to raise these claims before each level of the state courts. The Magistrate Judge did not reach the merits of the remaining six exhausted claims. However, the Magistrate Judge, relying upon the authorities of *Lambert v. Blackwell*, 134 F.3d 506 (3d Cir.1997) and *Banks v. Horn*, 126 F.3d 206 (3d Cir.1997), found that, even though petitioner had already filed one PCRA petition and that the one-year statute of limitations for filing yet another PCRA petition had run, there was a chance that the state courts might nevertheless entertain a second PCRA petition filed by petitioner and address petitioner's

---

1. In his habeas corpus petition, petitioner asserts the following grounds for relief: (1) his arrest "was unlawful and without warrant"; (2) he was denied the right to confront his accuser; (3) trial counsel rendered ineffective assistance in failing to object to the prosecutor's use of the term "car jacking" in her opening statement; (4) ineffective assistance of trial counsel in failing to object when the prosecutor "vouched" for a police officer who testified at trial; (5) petitioner was prejudiced

by an alleged discovery violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (6) petitioner was denied his right to cross-examine the victim "with regard to [the victim's] father's involvement as his father was a police officer"; (7) petitioner was denied his right to a speedy trial; (8) trial counsel was ineffective for failing to interview or call "several witnesses"; and (9) petitioner has "exhausted all state[ ] procedures."

three unexhausted claims on the merits. Having concluded that returning this case to state court would not necessarily be futile, and that there was no absolute statement by the Pennsylvania Supreme Court that an untimely PCRA petition would not be permitted, the Magistrate Judge recommended that the mixed petition be dismissed without prejudice for failure to exhaust state court remedies.

Respondents filed objections to the Report and Recommendation asserting that petitioner had no available state remedies because any unexhausted claims presented by petitioner in a subsequent PCRA petition would be procedurally barred as untimely. Respondents' arguments were premised upon a recent Pennsylvania Supreme Court decision, *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998), where the Pennsylvania Supreme Court denied a PCRA petition as untimely for failing to comply with the one-year statute of limitations and where none of the statutory exceptions applied. Given the novelty and complexity of the issues, the court appointed Jules Epstein, Esq. as counsel for petitioner for the limited purpose of addressing respondents' objections. Now counseled, petitioner filed a memorandum of law arguing that if petitioner were to file a second PCRA petition, the Pennsylvania Supreme Court's decision in *Peterkin* would not act to procedurally bar as untimely review of petitioner's unexhausted claims in state court. Respondents' filed a reply addressing the five arguments by petitioner in his memorandum of law.

## II

### (A)

The purpose of the PCRA is to "provide[ ] for an action by which persons con-

victed of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.Cons.Stat. Ann. § 9542. Amendments to the PCRA were enacted on November 17, 1995, and became effective sixty days thereafter (January 16, 1996), which provide that:

§ 9545. Jurisdiction and proceedings

(b) Time for filing petition.—

(1) [a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . .

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.Cons.Stat.Ann. § 9545(b). The purpose of the 1995 amendments was to put an end to the practice of state prisoners challenging criminal convictions of long ago. *See Commonwealth v. Banks*, 726 A.2d 374, 376 (Pa.1999) ("We believe that the examination of the merits of Appellant's second PCRA petition fifteen years after he was convicted is precisely what the Legislature intended to preclude by amending the [PCRA]."). Therefore, to be eligible for relief under the PCRA, a petition must be filed within one year from the date of final judgment.[2]

Here, direct review concluded on January 19, 1995, when the Pennsylvania Supreme Court denied petitioner's request for allowance of appeal. Petitioner then filed his first PCRA petition on March 7, 1995, which was dismissed by the PCRA court, affirmed by the Pennsylvania Superior Court, and petitioner's request for

---

**2.** The court notes that section 3(1) of the PCRA as amended on November 17, 1995 (Spec.Sess. No. 1) Pub.L. 1118, No. 32 also provides that a petitioner whose judgment has become final on or before the effective date of the act shall be deemed to have filed a timely petition if the petitioner's first petition is filed within one year of the effective date of the act. Historical and Statutory Note to 42 Pa.Cons.

Stat.Ann. § 9545. In this case, however, the aforementioned exception is inapplicable because (1) the exception only applies to first PCRA petitions, and any PCRA petition filed by petitioner in the future would be his second, and (2) even if it was petitioner's first PCRA petition, the petition would be filed beyond one year after the effective date of the act.

appeal to the Pennsylvania Supreme Court was denied on June 26, 1998. Respondents contend that, given the applicability of the one-year statute of limitations for filing PCRA petitions, petitioner has no available state remedies because a second PCRA petition filed by petitioner would be procedurally barred as untimely, i.e., it having been filed beyond one year after the judgment became final on January 19, 1995.

The 1995 amendments to the PCRA recognized three exceptions to the one-year statute of limitations:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.Cons.Stat.Ann. § 9545(b).

Respondents allege, and the court agrees, that none of petitioner's three unexhausted claims falls within the exceptions to the one-year statute of limitations. Petitioner's second (denial of the right of confrontation), fifth (prejudice by an alleged discovery violation under *Brady v. Maryland*), and seventh (speedy trial violation) claims all involve facts that have been known to petitioner for some time. In fact, petitioner raised similar claims in state court, albeit premised on legal theories of violations of state rules of criminal procedure rather than violations of the Constitution or federal law. Further, petitioner has not alleged that (1) government officials interfered with the presen-

tation of his claims, (2) the claims involve after-discovered evidence, or (3) the claims invoke a new constitutional right, retroactively applied and recognized by the Pennsylvania Supreme Court. Absent any evidence that at least one of the three circumstances exists in this case, petitioner's claims do not fall within any of the exceptions to the PCRA one-year statute of limitations.

Based on the foregoing, it is clear that were petitioner to file a second PCRA petition, it would be outside the PCRA one-year statute of limitations and none of petitioner's three unexhausted claims would qualify for application of any of the three statutory exceptions.

### (B)

■ Federal habeas corpus relief is available to state prisoners only after they have exhausted their remedies in state court. *See O'Sullivan v. Boerckel*, —— U.S. ——, ——, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1, —— (1999). Under this requirement, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas [corpus] petition." *Id.* 119 S.Ct. at 1731. The exhaustion requirement "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir.1993) (citations omitted). This "time honored rule" is now codified at 28 U.S.C. § 2254 [ (b) and (c) ]. *O'Sullivan*, —— U.S. at ——-——, 119 S.Ct. at 1735–36 (Stevens, J., dissenting).

■ To satisfy the exhaustion requirement, the petitioner must fairly present every claim included in a federal habeas petition to each level of the state courts. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir.1996) (citing *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). In this regard, "[t]he habeas petitioner bears the burden of proving that he

has exhausted all available state remedies." *Toulson,* 987 F.2d at 986. If a habeas corpus petition contains exhausted and unexhausted claims, the United States Supreme Court has held that the petition must be dismissed as a mixed petition. *See Rose v. Lundy,* 455 U.S. 509, 521–22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

However, "[a] petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under *Rose.*" *Toulson,* 987 F.2d at 987. "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted." *Id.* (citing *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Thus, where it would be futile to return unexhausted claims to state court because they would be procedurally barred, "[t]he district court may not go the merits of the barred claims, but must decide the merits of the claims that are exhausted and not barred."[3] *Toulson,* 987 F.2d at 987 (citing *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)).

A petitioner's failure to exhaust state remedies is, however, excused only when state law "clearly foreclose[s] state court review of [the] unexhausted claims." *Toulson,* 987 F.2d at 987. "If the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings." *Doctor,* 96 F.3d at 681. It is upon these principles,

as well as Third Circuit authority in *Lambert v. Blackwell,* 134 F.3d 506 (3d Cir. 1997) and *Banks v. Horn,* 126 F.3d 206 (3d Cir.1997), that the Magistrate Judge found that "this Court cannot conclude that there is 'no chance' that the Pennsylvania courts would find an exception to override the eligibility requirements and permit review under the PCRA, and a return to state court in the present case should not be considered futile." Report and Recommendation, at 17.

### (C)

In *Lambert v. Blackwell,* 134 F.3d 506 (3d Cir.1997), the Third Circuit held that petitioner had not exhausted her state court remedies under the PCRA because, although the one-year statute of limitations had expired making it appear as though the claim was procedurally barred, it was possible that petitioner could plead and prove one or more of the statutory exceptions to the statute of limitations.[4] *See id.* at 524. However, the Third Circuit went on to note that "no Pennsylvania court has been asked to decide under what circumstances it would excuse an untimely PCRA petition under the new statute of limitations provision." *Id.* (footnote omitted).

The Third Circuit again addressed the interplay between federal habeas corpus review and exhaustion of state remedies in *Banks v. Horn,* 126 F.3d 206 (3d Cir.1997) (hereinafter referred to as *"Banks I "*). In *Banks I,* the Commonwealth presented the same arguments advanced in this case, i.e., that any second PCRA petition filed by petitioner beyond the one-year statute of limitations would be procedurally barred as untimely and that petitioner had exhausted his state remedies. The Third

---

**3.** The court notes that a federal court may reach the merits of unexhausted but procedurally defaulted claims within a federal habeas petition where the petitioner can show either (1) cause and prejudice or (2) miscarriage of justice to excuse the procedural default. *See Harris v. Reed,* 489 U.S. 255, 260–61, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

**4.** *Lambert* is factually distinguishable from this case because it is clear that none of the statutory exceptions to the one-year statute of limitations applies to petitioner's unexhausted claims.

Circuit, however, disagreed for the following reasons:

> While it is true that the text of the 1995 amendments support these contentions [by the Commonwealth], it is not clear that these contentions are dispositive. The Commonwealth does not refer us to a single Pennsylvania Supreme Court case applying the PCRA as amended in 1995 to support its views.... In the circumstances, we are not confident that the Pennsylvania Supreme Court, even in the face of the 1995 amendments to the PCRA, will abandon its practice of reaching the merits of claims in PCRA petitions in capital cases regardless of procedural criteria. Consequently, applying *Toulson*, we cannot find that the review of [the petitioner's] unexhausted claims has been foreclosed.

*Id.* at 214. Thus, the Third Circuit reversed the order of the district court denying the petition on the merits, and remanded the case to the district court with instructions to dismiss the case without prejudice as a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Most importantly, however, in a footnote at the conclusion of *Banks I*, the Third Circuit left open the prospect that in the future, under certain circumstances, it may reach a different result on the state procedural bar issue:

> It is, of course, possible in death penalty cases (and other cases as well) that future experience will show that the Pennsylvania Supreme Court consistently and regularly applies the 1995 amendments to the PCRA and thereby creates a procedural bar sufficient to satisfy the standard of *Johnson v. Mississippi*, 486 U.S. 578, 589, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988). That time, however, has not yet been reached.

*Banks I*, 126 F.3d at 214 n. 3. *See also Peterson v. Brennan*, No. 97–2477, 1998 WL 470139, at *5–7 (E.D.Pa. Aug. 11, 1998) (Dubois, J.) (dismissing habeas corpus petition on exhaustion grounds, despite the PCRA one-year statute of limitations, because "[t]he possibility exists, therefore, that ... the statute of limita-

tions bar will be waived by Pennsylvania courts in some cases. There is thus a lack of certainty with respect to state application of this procedural bar."); *Beasley v. Fulcomer*, No. 90–4711, 1997 WL 698178, at *3 (E.D.Pa. Nov. 6, 1997) (Robreno, J.) (dismissing habeas corpus petition for failure to exhaust state remedies while recognizing the existence of the PCRA one-year statute of limitations).

Respondents contend that the teachings of *Lambert* and *Banks I* are not applicable in this case because the Pennsylvania Supreme Court, in *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998), has unequivocally resolved the questions raised in *Lambert* and *Banks I* by holding that an untimely PCRA petition will not be entertained unless it fits into one of the three statutory exceptions to the one-year statute of limitations, none of which applies in this case. Therefore, the issue squarely before the court is whether the Pennsylvania Supreme Court has consistently and regularly applied the PCRA one-year statute of limitations to bar all untimely PCRA petitions, with the three exceptions enumerated in the statute itself.

### III

In *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998), a capital case, appellant Peterkin appealed the denial of his second PCRA petition to the Pennsylvania Supreme Court, arguing, in part, that the PCRA one-year statute of limitations and its three statutory exceptions are unconstitutional. In response, the Commonwealth contended that the PCRA court had no jurisdiction to entertain the petition because it was untimely. The Pennsylvania Supreme Court agreed with the Commonwealth, and held that it was proper to dismiss Peterkin's petition, reasoning:

> With the 1995 amendments to the PCRA, the General Assembly has established a scheme in which PCRA petitions are to be accorded finality. With certain exceptions, challenges to a conviction must be raised either within one

year of final judgment or within one year of the effective date of the act. Because the one-year period within which petitions normally must be filed is sufficiently generous to prepare even the most difficult case, and because the exceptions to this filing period encompass government misconduct, after-discovered evidence, and constitutional changes, we have no difficulty in concluding that the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit Peterkin's constitutional right to habeas corpus relief. At some point, litigation must come to an end. The purpose of law is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction. The current PCRA places time limitations on such claims of error, and in so doing, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction.

*Id.* at 642–43 (footnote omitted).

Shortly thereafter, on February 25, 1999, in *Commonwealth v. Cross,* 555 Pa. 603, 726 A.2d 333 (1999), another capital case, appellant Cross appealed the denial of his second PCRA claim to the Pennsylvania Supreme Court. Before entertaining the merits of Cross' second PCRA petition, the Pennsylvania Supreme Court addressed as a threshold whether the petition was timely filed. The Pennsylvania Supreme Court concluded that Cross' second PCRA petition, which was filed on January 17, 1997, was untimely and properly denied as it was not filed within one-year after the judgment became final on August 14, 1985, and did not qualify for any of the three statutory exceptions to the one-year statute of limitations. *See id.* 726 A.2d at 335–36.

On March 2, 1999, less than one week later, the Pennsylvania Supreme Court in another capital case, *Commonwealth v. Banks,* 726 A.2d 374 (Pa.1999) (hereinafter referred to as *"Banks II "*), again examined the argument advanced by the Commonwealth that the state court did not have jurisdiction to entertain appellant Banks' second PCRA petition because the petition was untimely. The Pennsylvania Supreme Court, citing *Peterkin,* held that Banks' petition was untimely and did not fit within any of the exceptions to the one-year statute of limitations, thereby denying state courts of jurisdiction to entertain Banks' second PCRA petition. The Pennsylvania Supreme Court went on to state that "[t]he Legislature has spoken on the requisites of receiving relief under the PCRA and has established a scheme in which PCRA petitions are to be accorded finality. The gravity of the sentence imposed upon a defendant does not give us liberty to ignore those clear mandates." *Id.* 726 A.2d at 376 (footnote omitted).

Most recently, and yet for a fourth time, in *Commonwealth v. Yarris,* 731 A.2d 581 (Pa.1999), the Pennsylvania Supreme Court affirmed the denial of appellant Yarris' second PCRA petition in a capital case because the petition had been filed beyond one-year after the date of final judgment, and none of the exceptions applied. The Pennsylvania Supreme Court reiterated that "[t]his time limit is jurisdictional. Thus, an untimely petition will not be addressed simply because it is couched in terms of ineffectiveness or because it is filed in a capital case." *Id.* at 586 (footnotes omitted).

In light of the mandate by the Pennsylvania Supreme Court in *Peterkin, Cross, Banks II,* and *Yarris* since December of 1998, the court finds that the question asked by the Third Circuit in *Banks I,* whether in the future the Pennsylvania Supreme Court would consistently and regularly apply the PCRA one-year statute of limitations to bar all untimely PCRA petitions that do not qualify for any of the three exceptions, has been answered in the affirmative. First, the language of these

cases reflects a recognition on the part of the Pennsylvania Supreme Court that the one-year statute of limitations on the filing of PCRA petitions represents a reasonable but firm deadline to challenges to state criminal convictions, regardless of the type of claim asserted or the nature of the sentence. *See Banks II,* 726 A.2d at 376; *Yarris,* 731 A.2d 581, 586.

Second, the method of analysis undertaken by the Pennsylvania Supreme Court in *Peterkin, Cross, Banks II,* and *Yarris* is also significant. In each case, before it considered the merits of the PCRA petitions at issue, the Pennsylvania Supreme Court addressed whether the petitions were or should have been properly dismissed for lack of jurisdiction due to untimeliness without reaching the merits. Even in cases such as *Cross* and *Yarris,* where none of the parties raised the issue of timeliness under the PCRA's statute of limitations, the Pennsylvania Supreme Court addressed the jurisdictional matter *sua sponte. See Cross,* 726 A.2d at 333; *Yarris,* 731 A.2d 581, 586–87.

Third, *Peterkin, Cross, Banks II,* and *Yarris* are all capital cases. This is important because, as the Third Circuit in *Banks I* noted, "the Pennsylvania Supreme Court seems to exercise strong control of procedures in death penalty cases." *Banks I,* 126 F.3d at 214. Given the Pennsylvania Supreme . Court's close superintendency over death penalty cases, the fact that the Pennsylvania Supreme Court applied the PCRA one-year statute of limitations to procedurally bar untimely PCRA petitions in death penalty cases is yet another indication of the Pennsylvania Supreme Court's strong resolve to "consistently and regularly" apply the PCRA statute of limitations established by the state legislature in all cases, regardless of the type of case or penalty involved.

Fourth, neither *Peterkin* nor its progenies stand in a vacuum. The court notes that, although not binding, several Pennsylvania Superior Court cases have been prescient of the Pennsylvania Supreme Court's decision in *Peterkin,* and have applied the PCRA one-year statute of limitations to bar PCRA petitions as untimely. *See Commonwealth v. Thomas,* 718 A.2d 326 (Pa.Super.Ct.1998); *Commonwealth v. Perry,* 716 A.2d 1259 (Pa.Super.Ct.1998); *Commonwealth v. Alcorn,* 703 A.2d 1054 (Pa.Super.Ct.1997); *Commonwealth v. Conway,* 706 A.2d 1243 (Pa.Super.Ct.1997). Consistent with the approach the court takes here, at least one recent decision by the Pennsylvania Superior Court, relying upon *Peterkin,* dismissed a PCRA petition in a non-capital case due to untimeliness. *See Commonwealth v. Johnson,* 732 A.2d 639, 586–87 (Pa.Super.Ct.1999) ("A second or subsequent petition for collateral relief that does not satisfy the timing restrictions of the PCRA and which does not fall within any exception to those requirements must be deemed untimely and dismissed.").

Finally, the court recognizes that the Pennsylvania Supreme Court decided *Peterkin, Cross, Banks II,* and *Yarris* over a relative short period of six months and that, arguably, additional experience may be needed to insure the Pennsylvania Supreme Court's future fidelity to the *Peterkin* rule. Given that the Pennsylvania Supreme Court chose to anchor the mandate of *Peterkin* and its progenies on jurisdictional grounds, i.e., the state courts have no *power* to hear untimely filed PCRA petitions, future principled application of the *Peterkin* rule can comprehend no result other than the dismissal of untimely filed PCRA petitions. Thus, no additional experience is needed to confirm its prohibitory effect.

It is also conceivable that the Pennsylvania Supreme Court may in the future abandon or modify *Peterkin,* or even yet, apply it on an inconsistent or unstrict fashion. In this sensitive area of federal-state relations, it is the role of the federal courts to require state defendants to exhaust the "procedures [ ] 'available' under state law," *O'Sullivan,* — U.S. at ——, 119 S.Ct. at

1734, or face procedural default, once the presence or absence of the procedures mandated by the state have been articulated with clarity by the highest court of the jurisdiction. *See id.* The court concludes that in *Peterkin*, the Pennsylvania Supreme Court spoke clearly, making any state avenues for relief unavailable if barred by the PCRA one-year statute of limitations. Since, it has applied *Peterkin* unqualifiedly on three separate occasions. Thus, it would do violence to the comity principles underpinning the exhaustion doctrine, to construe the Pennsylvania Supreme Court's teachings in *Peterkin* and its progenies, as tentative or inconclusive, or to avoid their enforcement per chance that, in the future, these teachings may be compromised or applied in an uneven manner.

For these reasons, the court finds that it can now be said with confidence that the Pennsylvania Supreme Court has consistently and regularly applied the 1995 amendments to the PCRA, namely, the one-year statute of limitations, as a procedural bar to all untimely PCRA petitions that do not qualify for any of the three exceptions. Therefore, in this case, because any subsequent PCRA petition filed by petitioner asserting his unexhausted claims would be procedurally barred as untimely and any review of petitioner's claims in state court is clearly foreclosed, the court concludes that remanding this case to state court would necessarily be futile.

## IV

Petitioner asserts four[5] arguments why *Peterkin* does not procedurally bar review of petitioner's unexhausted claims in state court. First, petitioner argues that remand to state court is appropriate because review of at least one of petitioner's unexhausted claims, specifically, the seventh claim alleging a denial of a state right to a speedy trial, is permissible under the state habeas corpus provision. While it may be

true that petitioner's speedy trial claim premised upon state law may be cognizable in a state habeas corpus petition, such a claim would not be cognizable in a federal habeas corpus petition. This is so because, to prevail in his federal habeas corpus petition, petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States," not a violation of state laws. 28 U.S.C. § 2254(a). Thus, it would be futile to dismiss petitioner's federal habeas corpus petition without prejudice for failing to exhaust state remedies when the state law claim at issue could never be cognizable in a federal habeas corpus petition. To the extent that petitioner's seventh claim purports to assert a violation of his federal right to a speedy trial, such a claim is unexhausted but procedurally barred because it was not fairly presented to each level of the state courts and, in light of *Peterkin* and its progenies, is untimely.

Second, petitioner contends that the doctrine of equitable tolling would apply in this case to stop the PCRA one-year statute of limitations from running once the accrual date has passed. The court disagrees. Although the Third Circuit has held that statutes of limitations are subject to equitable tolling, "when a time limitation is considered jurisdictional, it cannot be modified and non-compliance is an absolute bar." *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 617–18 (3d Cir.1998). The Pennsylvania Supreme Court has already concluded that the PCRA one-year statute of limitations is jurisdictional. *See Cross*, 726 A.2d at 334; *Banks II*, 726 A.2d at 375; *Yarris*, 731 A.2d 581, 586; *see also* 42 Pa.Cons.Stat. Ann. § 9545 (placing the one-year statute of limitations within the statute under the heading "Jurisdiction and proceedings"). Because the PCRA one-year statute of limitations is jurisdictional, the court finds

**5.** Petitioner's fifth argument, that the PCRA one-year statute of limitations is not an adequate and independent state ground because

it has not been regularly and consistently applied, has already been addressed by the court *supra.*

that the PCRA one-year statute of limitations is not subject to equitable tolling.

Third, petitioner contends that state court review of his unexhausted claims is not barred by *Peterkin* because the state courts may decide to fashion a remedy to address claims of ineffective assistance of PCRA counsel. The court concludes that this argument is irrelevant in this case because petitioner's three unexhausted claims (denial of the right of confrontation, alleged *Brady* violation, and denial of the right to a speedy trial), that arguably warrant dismissal without prejudice of petitioner's habeas corpus petition as a mixed petition, do not implicate ineffective assistance of PCRA counsel. Furthermore, a claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). As with petitioner's first argument, it would be futile to dismiss petitioner's habeas corpus petition without prejudice for failure to exhaust state remedies when the state law claim could never be cognizable in a federal habeas corpus petition.

Finally, petitioner argues that all state remedies are not clearly foreclosed because, in the past, state courts have reviewed otherwise waived post-conviction claims so as to avoid committing a "miscarriage of justice," which may occur in this case. *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988). The Pennsylvania Supreme Court has applied the "miscarriage of justice" exception as a limitation on second or subsequent PCRA petitions, such that a "second or subsequent post-conviction request for relief will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Beasley,* 544 Pa. 554, 678 A.2d 773, 777 (1996). Petitioner contends that, under this rationale, state courts will reach the merits of second PCRA petitions, even if the claims appear

to be previously litigated or waived (which are excluded from PCRA review, *see* 42 Pa.Cons.Stat.Ann. § 9545(a)(3)), if petitioner can show the presence of a miscarriage of justice.

The court finds petitioner's reliance upon the "miscarriage of justice" exception is misplaced. While a showing by petitioner of a miscarriage of justice may excuse the state courts' adjudication of previously litigated or waived claims on the merits, the procedural bar before the court is not one of "waiver." Rather, the procedural bar at issue is the PCRA one-year statute of limitations, which, the Pennsylvania Supreme Court has already determined, is jurisdictional in nature. Consequently, if petitioner were to file yet another PCRA petition, in accord with *Peterkin,* state courts would dismiss the petition for lack of jurisdiction due to untimeliness, and would never have occasion to reach the merits of petitioner's claims. While the "miscarriage of justice" exception may apply to previously litigated or waived claims asserted in subsequent PCRA petitions, it does not serve to create jurisdiction where there is none. Thus, the notion of "miscarriage of justice," in the absence of jurisdiction, does not create a state court remedy for petitioner that would warrant remanding this case to state court.

V

The court finds that the Pennsylvania Supreme Court will consistently and regularly apply the PCRA one-year statute of limitations to bar untimely filed PCRA petitions. Under these circumstances, the court concludes that petitioner has no available state remedies because any review of petitioner's unexhausted but procedurally defaulted claims in state court would be clearly foreclosed. As such, petitioner's habeas corpus petition is ripe for review in federal court. Therefore, the case shall be remanded to the Magistrate Judge for consideration of the six claims that petitioner has shown to be exhausted.

As to the three unexhausted but procedurally defaulted claims, petitioner shall be afforded the opportunity to assert "cause and prejudice" or a "fundamental miscarriage of justice." *O'Sullivan,* —— U.S. at ——, 119 S.Ct. at 1737 (Stevens, J., dissenting) (citations omitted).

An appropriate Order follows.

### ORDER

**AND NOW,** this **19th** day of **July, 1999,** upon consideration of the petition for writ of habeas corpus (doc. no. 1), respondents' response thereto (doc. no. 7), petitioner's traverse (doc. no. 11), the Report and Recommendation of United States Magistrate Judge Diane M. Welsh (doc. no. 12), respondents' objections, (doc. no. 13), petitioner's replies thereto (doc. nos.16, 17) petitioner's objections (doc. no. 14), respondents' response thereto (doc. no. 15), petitioner's counseled memorandum of law (doc. no. 20), and respondents' reply thereto (doc. no. 24), it is hereby **ORDERED** that respondents' objections are **SUSTAINED** and the Report and Recommendation is **DISAPPROVED**.

It is further **ORDERED** that the matter shall be **REMANDED** to the United States Magistrate Judge for consideration of the six claims petitioner has shown to be exhausted. As to the three unexhausted but procedurally defaulted claims, petitioner shall be afforded the opportunity to assert "cause and prejudice" or a "fundamental miscarriage of justice."

**AND IT IS SO ORDERED.**