Robert HOLMAN, Petitioner,

v.

Frank D. GILLIS, et al., Respondents.

No. Civ.A. 98–4276.

United States District Court,
E.D. Pennsylvania.

Feb. 25, 2000.

Jules Epstein, Kairys & Rudovsky, Philadelphia, PA, for Robert Holman, petitioner.

Robert Holman, S.C.I. Graterford, Graterford, PA, petitioner pro se.

Peter J. Gardner, District Attorney's Office, Phila, PA, Donna G. Zucker, Phila, PA, for Frank D. Gillis, respondent.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Petitioner Robert Holman, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is the second Report and Recommendation of the Magis-

trate Judge recommending that the petition be denied and dismissed.[1] In arriving at that recommendation, the Magistrate Judge found that petitioner had not shown cause and prejudice or a fundamental miscarriage of justice with respect to his three procedurally defaulted claims and that his remaining claims are either not cognizable in a federal habeas petition or are without substantive merit.

Petitioner has filed objections to this second Report and Recommendation. After de novo consideration of petitioner's objections, respondents' response to those objections and petitioner's reply to that response, the court will overrule petitioner's objections, adopt the second Report and Recommendation, and deny and dismiss the petition.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 1992, after a jury trial in the Court of Common Pleas for Philadelphia County, petitioner was convicted of robbery and violating the Uniform Firearms Act. On April 7, 1993, after denying petitioner's post-trial motions, the Court of Common Pleas sentenced petitioner to a term of ten (10) to twenty (20) years imprisonment. Petitioner obtained new counsel and appealed to the Superior Court of Pennsylvania, which, on October 27, 1994, denied petitioner's claims and affirmed his sentence. Petitioner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on January 19, 1995.

On March 7, 1995, petitioner filed a *pro se* petition for collateral review under Pennsylvania's Post–Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat.Ann. § 9541 *et seq.* New counsel was appointed. After review of the record, new counsel filed a "no merit" letter with the PCRA court, indicating that there were no issues of merit and requested permission to withdraw as counsel. On October 7, 1996, the PCRA court dismissed petitioner's petition and permitted counsel to withdraw.

Petitioner appealed the dismissal of his PCRA petition to the Superior Court of Pennsylvania, which, on November 25, 1997, affirmed the dismissal by the PCRA court. Petitioner then filed a *pro se* petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 26, 1998.

On August 14, 1998, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging various substantive claims. The case was referred to Magistrate Judge Diane M. Welsh for a Report and Recommendation. On February 8, 1999, the Magistrate Judge issued a Report and Recommendation, concluding that the petition was a "mixed petition" because it contained both exhausted and unexhausted claims. Because the status of the applicable law at that time was not settled, the Magistrate Judge recommended that the mixed petition be dismissed without prejudice for failure to exhaust state court remedies. *See* 2/8/99 Report & Recommendation.

Upon consideration of respondents' objections and after reviewing the recent Pennsylvania Supreme Court's decision of *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638 (1998), and its progeny, this court sustained respondent's objections and disapproved the Report and Recommendation. *See Holman v. Gillis,* 58 F.Supp.2d 587, 589 (E.D.Pa.1999). In so doing, this court concluded that it could be confidently stated that the Pennsylvania Supreme Court will consistently and regularly apply the 1995 amendments to the PCRA. *Id.* at 596. Specifically, the one-year statute of limitations for filing such petitions would be treated as a procedural bar to all untimely PCRA petitions that do

---

1. The procedural history of this case is discussed *infra.*

2. After receiving the Magistrate Judge's Report and Recommendation, this court is required to make a "de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

not qualify for any of three articulated exceptions.[3] *Id.* Therefore, remanding the case to state court would necessarily be futile. *Id.* Instead, this court remanded the matter to the Magistrate Judge for consideration of the claims petitioner had shown to be exhausted and for a determination as to whether petitioner established cause and prejudice or a fundamental miscarriage of justice with respect to the procedurally defaulted claims. *Id.* at 597–98.

On December 22, 1999, the Magistrate Judge issued her second Report and Recommendation, to which petitioner has objected.[4] After reviewing the legal standards applicable to petitions filed under § 2254, the court will discuss petitioner's objections in turn.

## II. LEGAL STANDARD

■ Section 2254 provides relief to prisoners incarcerated by the state only if such custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With respect to the appropriate standard of review for federal courts, the pertinent provisions of § 2254 provide:

An application for a writ of habeas on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, "a determination of a factual issue made by the State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Third Circuit has articulated a two-part analysis in reviewing federal habeas claims. First, the court must determine if the state court decision was "contrary to" Supreme Court precedent governing the ground for relief, such that a contrary outcome is required. *See Matteo v. Superintendent S.C.I. Albion,* 171 F.3d 877, 890 (3d Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 73, 145 L.Ed.2d 62 (1999). Second, barring that demonstration, a habeas writ should not be granted "unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.* Indeed, even if the federal habeas court disagrees with the state court decision, habeas relief is not appropriate. *Id.*

## III. DISCUSSION

In his habeas corpus petition, petitioner asserted the following grounds for relief:

(1) his arrest "was unlawful and without warrant;"

(2) he was denied the right to confront his accuser, "the actual arresting officer;"

(3) trial counsel was ineffective for failing to object to the prosecutor's use of the term "car jacking" in her opening statement;

(4) trial counsel was ineffective in failing to object when the prosecutor

---

**3.** The three exceptions are not at issue in the instant case. *See Holman,* 58 F.Supp.2d at 591.

**4.** After this court disapproved the Magistrate Judge's first Report and Recommendation, petitioner submitted a "Motion Requesting Evidentiary Hearing and Affidavit in Sup-

port" (doc. # 26), in which he claimed to submit "facts in support of his assertions that he has suffered prejudice and a fundamental miscarriage of justice." *See id.* at 1. The Magistrate Judge considered this motion, the Commonwealth's response, and petitioner's reply before making her recommendation to this court.

"vouched" for a police officer who testified at trial;

(5) petitioner was prejudiced by an alleged discovery violation, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);

(6) petitioner was denied his right to cross-examine the victim "with regards to [the victim's] father's involvement as his father was a Police officer;"

(7) petitioner was denied his right to a speedy trial;

(8) trial counsel was ineffective for failing to interview or call "several witnesses;" and

(9) "[p]etitioner has suffered the cumulative prejudicial effect of the States

procedural process [which] has failed to protect the rights of this petitioner." [5]

*See* Petition at 7–9.

Upon review of the available record, the Magistrate Judge reiterated her original recommendation that petitioner's first and ninth claims were not cognizable under § 2254.[6] The Magistrate Judge then found that petitioner had not demonstrated cause and prejudice or a fundamental miscarriage of justice with respect to his procedurally-defaulted second, fifth, and seventh claims. Finally, the Magistrate Judge concluded that the state court decisions involved in his third, fourth, sixth, and eighth claims were not "contrary to," nor did they involve an "unreasonable application of, clearly established Federal law."

**5.** At the outset, this court notes that despite the original grounds specified in his habeas petition, throughout his later filings, including the present objections before the court, petitioner alternately recasts his alleged grounds for relief. For example, petitioner might first allege that the trial court improperly ruled upon an issue. Later, or in the very same argument, petitioner will contend that counsel was ineffective for not raising such issues. The legitimacy of this tactic is discussed *infra*, n. 10.

**6.** The Magistrate Judge correctly found that petitioner's originally-worded first claim, alleging that his arrest was unlawful and without warrant, was not cognizable in a habeas petition because petitioner had the opportunity to challenge his arrest on direct appeal and through the PCRA proceedings. *See Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) (finding Fourth Amendment violation does not support habeas relief where state has provided an opportunity for full and fair litigation of the claim). In fact, the Magistrate Judge noted that during his post-conviction proceedings, petitioner contended that his arrest lacked "probable cause." *See Commonwealth v. Holman*, No. 03687 Philadelphia 1996 slip op. at 2 (Pa.Super.Ct. Nov. 25, 1997).

In his August 26, 1999 motion seeking an evidentiary hearing filed after this court had remanded the matter to the Magistrate Judge, petitioner attempted to transform and combine this claim and his second claim into one

of ineffective assistance of counsel for failing to present his first and second claims. The Magistrate Judge concluded that, even construing petitioner's first claim as alleging ineffective assistance of counsel, petitioner had failed to properly present the restated first claim to the state courts, and therefore it was procedurally defaulted. *See* 12/22/99 Report & Recommendation at 5. The Magistrate Judge then correctly found that petitioner had not established cause and prejudice or a fundamental miscarriage of justice with respect to this claim.

In his objections to the Magistrate's second Report and Recommendation, however, petitioner appears to be reverting back to his original claim, simply that his arrest was unlawful. *See* Petitioner's Objections at 1, ¶ 1. Nonetheless, as a subsection to that paragraph, petitioner claims that his counsel was ineffective for failing to demand his immediate release, when Petitioner had been held for 44 days before arraignment. *Id.* at ¶ 1.A. To the extent petitioner is reasserting his initial first claim, it is not cognizable in a federal habeas petition. To the extent this relates to petitioner's second and seventh claims, it will be discussed *infra*.

In addition, the Magistrate Judge found that petitioner's seventh claim, to the extent it alleges a violation of the Pennsylvania Rules of Criminal Procedure or the Pennsylvania Constitution, and petitioner's ninth claim are not cognizable under § 2254. Petitioner does not object to those findings.

## A. *The Law Concerning Exhaustion and Procedural Default*

Because plaintiff's petition involves both exhausted and procedurally defaulted claims, a review of the principles concerning exhaustion and procedural default is appropriate.

### 1. *Exhaustion*

■■■ A federal court may not grant habeas relief unless the petitioner has exhausted his remedies in state court. *See Holman* 58 F.Supp.2d at 591 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999)). Exhaustion requires that a petitioner provide each level of state court a fair opportunity to act on his claims. *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir.1996). The exhaustion requirement "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir.1993) (citations omitted).

### 2. *Procedural Default*

■■■ Although, as stated above, complete exhaustion is ordinarily required before federal review is appropriate, where a state prisoner has not properly presented the state courts with all or a portion of the claims contained in his federal habeas corpus petition, but state procedural rules would eliminate further avenues of relief, the "technical requirements for exhaustion" are met because there are no longer any state remedies available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (*citing* 28 U.S.C. § 2254(c)); *see also Holman*, 58 F.Supp.2d at 596. Those claims are therefore deemed procedurally defaulted, prohibited from federal review on the merits unless the prisoner can show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default. *See Coleman*, 501 U.S. at 749–50, 111 S.Ct. 2546.

■■■ To demonstrate cause sufficient to excuse a procedural default and allow the court to reach the merits of his claims, petitioner must show that an objective factor external to the defense hindered or prohibited him from complying with the applicable state procedural rules. *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir.1992). Petitioner can establish actual prejudice by pointing to an error that caused him to suffer an "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Finally, a "fundamental miscarriage of justice" occurs where the petitioner presents a colorable claim of actual innocence of the crime for which he was convicted or the sentence imposed. *Schlup v. Delo*, 513 U.S. 298, 314–15, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner will only demonstrate a colorable claim of actual innocence "by showing a fair probability that, in light of all the evidence, including that claimed to have been illegally admitted and that claimed to have been wrongfully excluded or that which became available only after trial, the trier of fact would have entertained a reasonable doubt of his guilt." *See Wheeler v. Chesny*, No. CIV.A. 98–5131, 2000 WL 124560, at *2 (E.D.Pa. Jan.27, 2000) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 n. 5, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)).

## B. *Petitioner's Procedurally Defaulted Claims*

In her original recommendation, the Magistrate Judge concluded that petitioner had failed to exhaust his second, fifth, and seventh (to the extent it alleged a violation of a federal right) claims. *See* 2/8/99 Report & Recommendation at 10–13. After remand, the Magistrate Judge determined that petitioner had failed to make the cause/prejudice/fundamental miscarriage showing necessary to entitle him to a review on the merits. *See* 12/22/99 Report & Recommendation at 6–8.

In his objections to the Magistrate's recommendation, petitioner claims that he has

exhausted claims two and five. *See* Petitioner's Objections at 2–3, 5. This court has already found that petitioner's second and fifth claims are unexhausted, *see Holman*, 58 F.Supp.2d at 591, and his reiterated arguments will not be revisited here.

Thus, for this court to review the merits of petitioner's second, fifth, and seventh claims, petitioner must show cause and prejudice or a fundamental miscarriage of justice, a showing he has failed to make either to the Magistrate Judge and or in his objections to this court. As the Magistrate Judge found, petitioner's attempt to establish cause by claiming ineffectiveness of counsel is insufficient because petitioner failed to raise these particular ineffectiveness claims properly in the proceedings before the state courts.[7] *See Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (holding that ineffective assistance of counsel can constitute cause only after such claim has first been presented to state courts as an independent claim). Moreover, petitioner's bald claims of innocence are insufficient. "To be credible," a claim of actual innocence must be based on reliable evidence not presented at trial. *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. Petitioner has not met that burden.[8] Thus, his objections will be overruled.

C. *Petitioner's Exhausted Claims Concerning Ineffectiveness of Counsel*

The Magistrate Judge next found petitioner's claims three, four, and eight, alleging ineffective assistance of counsel in various respects, to be without merit. Claims of ineffective assistance of counsel are to be evaluated under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 688–695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, petitioner must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. Second, petitioner must show prejudice in that, absent counsel's ineffectiveness, "there is a reasonable probability that ... the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052.

1. *Failure to object to use of term "car-jacking"*

Petitioner objects to the Magistrate's recommendation regarding his third claim, in which he alleges ineffective assistance of counsel for failing to object when the prosecutor referred to the term "car-jacking."[9] Petitioner contends that car-jacking, "a high-profile crime," is associated with kidnapping and was referred to only to "enrage passion" in the jury. *See* Petitioner's Objections at 3–4.

Petitioner has not shown that he suffered any prejudice by his counsel's actions. First, the state court's factual determination of what occurred, *see Commonwealth v. Holman*, No. 01464PHL93 First Judicial District 1992, slip op. at 3–4 (Pa. Common Pleas Ct. May 19, 1994), closely resembles the prosecutor's descrip-

---

7. The Magistrate Judge correctly found that although petitioner may have raised a claim of counsel's ineffectiveness concerning his second claim in his petition for allocatur to the Pennsylvania Supreme Court, he did not raise it as such in the lower courts. Thus, the ineffectiveness claim itself would have been procedurally defaulted. *See* 12/22/99 Report & Recommendation at 8 n. 3 (citing *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)).

8. Indeed, petitioner admits that the evidence with respect to his fifth claim "is clearly in the record...." *See* Petitioner's Objections at 5. Thus, it is not "new" evidence.

9. In her opening statement, the prosecutor made the following statement: "The defendant in this case is being tried with a point of gun robbery of somebody of their automobile[,] more commonly termed a car-jacking." *See* Petitioner's "Traverse" at 9 (quoting N.T. 12/11/92 at 29–30). Petitioner further objects to the prosecutor's subsequent comment that "it will be a pretty easy conclusion for you to reach unanimously that the car-jacking in this case and robbery at gun point took place in this case in center city Philadelphia [and] was carried out by the defendant, Robert Holman." *Id.* (quoting N.T. 12/11/92 at 36–37).

tion of what happened, i.e., a "point of gun robbery of someone of their automobile." Petitioner, other than making conclusory allegations, has not rebutted that factual description, let alone by clear and convincing evidence. Second, although it is true that "carjacking" per se is not a specifically articulated offense in Pennsylvania, use of the term was merely illustrative of common experience. *See United States v. Henderson,* 50 F.3d 11, 1995 WL 122785, at *11 (6th Cir.1995) (unpublished op.) ("Moreover, the term carjacking has evolved as the legal term of art to describe the offense of armed robbery of a motor vehicle."). Indeed, "the term carjacking is no more prejudicial than the phrase armed robbery of a motor vehicle; in fact, using the phrase 'armed robbery of a motor vehicle' throughout an entire trial would surely be more confusing and prejudicial than using the term 'carjacking.'" *Id.* Accordingly, the prosecutor's mere use of the word "carjacking," accompanied by her definition, did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 171, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Consequently, counsel's failure to object did not constitute ineffective representation. Furthermore, the determination of the state courts who have addressed this claim was not contrary to any governing Supreme Court precedent nor did it unreasonably apply any Supreme Court precedent. Accordingly, petitioner's objection will be overruled.[10]

### 2. *Failure to object to improper "vouching"*

Petitioner also objects to the Magistrate Judge's recommendation concerning petitioner's fourth claim, that counsel was ineffective for failing to object when the prosecutor allegedly "vouched" for a witness' alleged "heresay" [sic] testimony. *See* Petitioner's Objections at 4. Specifically, petitioner alleges that vouching was present in the prosecutor's statement that "[t]he next testimony you are going to hear is coming from the police in this case and, I think after hearing the testimony about the police in this case you will probably want to applaud him." *See* Petition at 8. In his objections, petitioner contends that he "was clearly prejudiced by the vouching" and that "the things the Prosecutor vouched for was [sic] clearly rehearsed." *See* Petitioner's Objections at 4.[11]

■ As the Magistrate Judge has determined, the prosecutor's remarks did not constitute improper conduct, and thus, petitioner has suffered no prejudice by his counsel's failure to object. A prosecutor who vouches for the credibility of a witness

> pose[s] two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried

**10.** In his objections filed on December 29, 1999, petitioner now alleges that counsel was ineffective for "fail[ing] to correctly ask that the Court properly charge the jury on this statement alone...." *See* Petitioner's Objections at 4. This claim was not presented to any state court or even in petitioner's federal habeas petition. Moreover, this is not the case where petitioner is simply "clarifying" his claims. Indeed, to allow petitioner to effectively "amend" his federal habeas now would be to allow petitioner to do an "end-run" around the statute of limitations enacted as part of the AEDPA. *See United States v. Duffus,* 174 F.3d 333, 337 (3d Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 163, 145 L.Ed.2d 138 (1999). In any event, as demonstrated above, the prosecutor's characteriza-

tion of an armed robbery of an automobile as carjacking was not prejudicial to plaintiff, thereby requiring a jury charge. Accordingly, counsel was not ineffective in this regard either.

**11.** Petitioner then appears to address the merits of the state court's ruling, claiming that nothing the officer said was true. *See* Petitioner's Objections at 4. As this was not presented in his federal habeas petition as a ground for relief and thus would constitute a time-barred amendment, *see supra* n. 10, and because the state court and jury obviously found the officer to be credible—factual determinations petitioner has not rebutted by clear and convincing evidence—the court will not consider this particular claim.

solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence. *United States v. Young*, 470 U.S. 1, 18, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (citing *Berger v. United States*, 295 U.S. 78, 88–89, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)).

Here, the prosecutor's statement of her belief that the jury would want to applaud the officer after hearing his testimony contained no suggestion that she was relying on information outside the evidence that would be presented at trial. The comment objected to did not specifically relate to the officer's credibility nor does petitioner "identify as the basis for [the prosecutor's] comment an explicit or implicit reference to either the personal knowledge of the prosecutor or information not contained in the record." *See* 12/22/99 Report & Recommendation at 17 (citing *United States v. Walker*, 155 F.3d 180, 187 (3d Cir.1998)); *cf. Berger*, 295 U.S. at 78, 55 S.Ct. 629 (finding improper conduct where prosecutor, *inter alia*, "misstat[ed] the facts in his cross-examination of witnesses; ... put[ ] into the mouths of such witnesses things which they had not said; [and] ... suggest[ed] by his questions that statements had been made to him personally out of court, in respect of which no proof was offered"). This court is unaware of any Supreme Court precedent requiring an attorney to object under the circumstances present in this case. Accordingly, because this comment was not improper vouching, petitioner did not suffer any prejudice, and counsel's failure to object did not violate federal law as established by the Supreme Court, petitioner's objection will be overruled.

### 3. *Failure to call alibi witnesses*

 In objecting to the Magistrate Judge's recommendation regarding his eighth claim, petitioner contends that "there are 2 alibi witnesses who are presently alive and can be located." *See* Petitioner's Objections at 8. Petitioner further contends that "the evidence that will be provided by these witness will clearly prove that Petitioner was not the man who robbed complainant." *Id.* Although petitioner identifies two witnesses, however, he fails to enlighten this court with the specific substance of the testimony they would allegedly provide.[12] More importantly, in making his claim that counsel was ineffective for failing to call his alibi witnesses, petitioner never identified these witnesses to the state court or informed the state court of the testimony they would provide. *See Commonwealth v. Holman*, No. 03867 Philadelphia 1996, slip op. at 3 (Pa.Super.Ct. Nov. 25, 1997); *see also Commonwealth v. Holman*, No. 01464PHL93 First Judicial District 1992, slip op. at 11 (Pa. Common Pleas Ct. May 19, 1994) (finding "no indication that the defendant had provided trial counsel with any alibi witnesses to present at trial"). Indeed, the factual basis for petitioner's present claim is utterly lacking in the state court record. Petitioner has not rebutted this state court finding by clear and convincing evidence. Accordingly, counsel was not ineffective for failing to call alibi witnesses. Thus, petitioner's objection will be overruled.

### D. *Petitioner's Exhausted Claim Concerning the Denial of Right to Confront Witnesses*

 During trial, petitioner's counsel was not permitted to cross-examine his

---

**12.** In his "Traverse," petitioner first identified seven people whom trial counsel should have called. *See* "Traverse" ¶ 8. Obviously, petitioner has now narrowed that claim down to two people.

Further, although not one of the two witnesses petitioner identifies in his objections to the Magistrate Judge's findings with respect to ground 8, in his objections relating to ground 7, petitioner claims that a Shirley Fielder would have testified that petitioner came to her mother's home "at approximately 6:30 to pick up his son ..., who was not dressed so petitioner was to return...." *See* Petitioner's Objections at 7. Ms. Fielder has since died. *Id.*

alleged victim about the victim's father. Concluding that the Sixth Amendment right to cross-examination is not absolute, that trial judges retain wide latitude regarding the limits of cross-examination, and that it was not the role of a federal habeas court to determine whether evidence was admissible under state law where the state trial court had determined that questioning the victim about his father was irrelevant, the Magistrate Judge recommended that petitioner's sixth ground be denied. *See* 12/22/99 Report & Recommendation at 22–23.

In his objections, petitioner claims that the victim identified him because the victim was given information by his father, an active police officer. *See* Petitioner's Objections at 6. The crux of petitioner's contention appears to be that he first saw the victim and his father at his cell block on April 6, 1992, prior to the formal line-up where the victim officially identified petitioner as his assailant. *Id.*

. Petitioner's objection will be overruled. As the Magistrate Judge points out, petitioner's counsel was able to cross-examine the victim. During cross-examination, counsel could have raised the timing of the victim's identification and the alleged visit to his cell-block the day after the alleged robbery on cross, without disclosing by his questioning that the victim's father was a police officer. The jury could then have accepted or rejected the victim's testimony. Indeed, petitioner does not contend that his counsel was prevented from cross-examining the victim.[13]

In addition, the state trial court determined that defense counsel failed to present any evidence showing that the victim's father participated in and/or tampered with the identification process. *See Commonwealth v. Holman*, No. 01464PHL93 First Judicial District 1992, slip op. at 12 (Pa. Common Pleas Ct. May 19, 1994). Because petitioner has not rebutted this factual finding with clear and convincing

evidence, petitioner's objection must be overruled.

## IV. CONCLUSION

After considering petitioner's objections to the second Report and Recommendation, this court overrules those objections. In so doing, the court concludes that petitioner has failed to show: (1) cause and prejudice or a fundamental miscarriage of justice with respect to his second, fifth, and seventh claims; (2) that his first and ninth claims are cognizable in a federal habeas petition; or (3) that the state courts' resolution of his remaining claims is either contrary to or an unreasonable application of federal law. Accordingly, the court will adopt and approve Magistrate Judge Welsh's Report and Recommendation filed December 22, 1999 and deny the petition.

### *ORDER*

**AND NOW,** this **25th** day of **February, 2000,** upon consideration of the petition for writ of habeas corpus (doc. # 1), respondents' response thereto (doc. # 7), petitioner's traverse (doc. # 11), petitioner's motion requesting an evidentiary hearing (doc. # 26), respondents' response thereto (doc. # 30), petitioner's reply (doc. # 32), the December 22, 1999 Report and Recommendation of United States Magistrate Judge Diane M. Welsh (doc. # 33), petitioner's objections, (doc. # 34), respondents' response thereto (doc. # 35), and petitioner's reply (doc. # 37), it is hereby **ORDERED** that:

1. The December 22, 1999 Report and Recommendation is **ADOPTED** and **APPROVED;**

2. The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED;**

3. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the court declines to

---

**13.** To the extent petitioner is now claiming that his counsel was ineffective in his cross-

examination of the victim, that claim is time-barred. *See supra* n. 10.

issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

4. The Clerk shall mark this case **CLOSED.**

**AND IT IS SO ORDERED.**